

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00208-CR

_____

DEVANTE DAMON DARDEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 45315-B

Before Morriss, C.J., Moseley and Burgess, JJ.

O R D E R

Following a guilty plea, Devante Damon Darden was convicted of murder and sentenced to fifty years' incarceration. Darden perfected this appeal and the clerk's record has been filed. The trial court's certification of defendant's right of appeal included in the original clerk's record filed October 11, 2017, indicates that this was not a plea-agreement case, and Darden has the right of appeal.

By letter dated December 11, 2017, we advised the trial court and counsel for Darden that our review of the clerk's record indicated that, although Darden entered an open plea of guilt, because he agreed to a cap on the punishment he could receive, and the trial court honored that cap when it assessed Darden's sentence, the cap on punishment constitutes a punishment recommendation for purposes of Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.2(a)(2); *Shankle v. State*, 119 S.W.3d 808 (Tex. Crim. App. 2003).

We further advised the trial court and counsel that there is no indication in the record presently before this Court that Darden either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission to appeal. Consequently, we indicated that it appears that this was a plea-bargain case under Rule 25.2(a)(2) and that Darden does not have the right of appeal.

With respect to the trial court's certification, the filing of an accurate certification of right of appeal is a jurisdictional matter, and when one is missing or incorrect, it is the duty of this Court to ensure that a proper certification is prepared and filed. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). The trial court's original certification did not accurately reflect the

2

realities of this case.  *See Shankle*, 119 S.W.3d 808.  In light of the foregoing, we requested that the trial court have filed with this Court, in a supplemental clerk's record, a properly signed certification of Darden's right of appeal.

A supplemental clerk's record was filed January 19, 2018, containing a new certification of defendant's right of appeal.  This certification now reflects the case is a plea-bargain case and Darden has no right of appeal.  However, because the certification does not bear Darden's signature, it remains defective.

Consequently, we abate this appeal to the trial court for further proceedings.  The trial court shall utilize whatever means necessary to secure a proper certification of defendant's right of appeal in compliance with Rule 25.2(d).  Once properly completed and executed, the certification shall be included in a supplemental clerk's record.  *See* TEX. R. APP. P. 34.5(a)(12).  The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court by February 16, 2018.  This Order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's record.

IT IS SO ORDERED.


BY THE COURT

Date:  January 23, 2018

3